# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSE PELAYO, JESUS PELAYO, VICTOR PELAYO, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF POMONA, POMONA POLICE DEPARTMENT, CHIEF PAUL CAPRARO, individually and in his official capacity, AUSTIN DOSSEY #42108, individually and in as a peace officer, FRANK SACCA #41873, individually and as a peace officer, TIM DORN #41974, individually and as a peace officer, PRINCE HUTCHINSON #42642, individually and as a peace officer, and DOES 1-10 <br><br> Defendant. | Case No. CV 2:17-cv-07292-PSG-SK <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> **NOTE CHANGES BY COURT** |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rule of Civil Procedure 26(c), the CITY OF RIALTO POLICE DEPARTMENT, as Custodian of Records ("Department"), OFFICER

AUSTIN DOSSEY ("Officer Dossey"), and Plaintiffs, JOSE PELAYO, JESUS PELAYO, VICTOR PELAYO ("Plaintiffs"), by and through their attorneys of record, hereby Stipulate to the Protective Order set forth herein regarding the production of documents, records, and tangible things during the discovery phase of this action. The Department, Officer Dossey and Plaintiffs are sometimes hereinafter referred to individually as a "Party" and collectively as the "Parties."

1.     A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. This Order is intended to protect all documents produced by the Department in response to Plaintiffs' Subpoena Duces Tecum, which include but are not limited to items numbered 1-68 of the Department's Privilege Log, a copy of which is attached hereto as Exhibit B. ███████████████████████████ The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

Though Plaintiffs may be entitled, in certain limited circumstances, to examine information in police officers' personnel files, internal affair files and force reports, to the extent that they are relevant to their claims in the above-captioned action, the Department contends that a protective order is necessary to prevent random distribution of such information. Furthermore, this proposed protective order was created for the purpose of protecting certain information that may be subject to the official information privilege, law enforcement privilege and the right to privacy, as protected by the California and United States Constitution, balanced with plaintiffs' right to discovery in this litigation.

Police personnel records are deemed confidential under federal law. <u>Sanchez v. Santa Ana Police Dep't.</u>, 936 F.2d 1027, 1033-34 (9th Cir. 1990). Law enforcement personnel records also involve confidential information that is protected by the Police Officers Bill of Rights, as codified at section 3300, *et seq.*, of the California Government Code. The public disclosure of law enforcement personnel records and records which include witness name, etc., is further limited by a number of California statutes, including but not limited to California Government Code section 6254 and California Penal Code section 832.7, *et seq.*

The Department and Officer Dossey herein contend that he has an interest in protecting his own privacy rights relating to information in his personnel files and other related information.

It is the policy of the Department not to disclose  information contained in background investigations about its employees, or other information contained in confidential police personnel files unless ordered to do so by a court of competent jurisdiction. Further, it is the policy of the Department not to disclose information contained in police reports to those other than the parties involved in the incident, their representatives, prosecutors, etc. unless ordered to do so by a court of competent jurisdiction.

Within the Department, access to personnel files is restricted to those on a "need to know" basis. Controlled access to the files is regarded by the Department as essential in order to assure the integrity and security of such files. The Department contends that uncontrolled disclosure of such information can disrupt the Department's vital, day-to-day operations, erode the integrity and security of the confidential personnel and related files, affect the morale of Department's personnel, and frustrate the legitimate purposes of gathering the information in these files, including adversely impacting disciplinary procedures within the Department.

With respect to police reports, unfettered access is not granted to the public. Instead, access is restricted to those investigating the incident, involved in the incident or their representatives, those who are prosecuting and/or defending those involved, and those who maintain the records. The Department contends that controlled access is necessary to not only assure the integrity and security of said files, but also to ensure the privacy rights of those involved especially third party witnesses and minors are protected. Permitting uncontrolled disclosure can disrupt the Department's day-to-day operations, including but not limited to adversely impacting the Department's ability to thoroughly investigate incidents.

Further, the Department contends that information contained in the requested material case files is gathered and maintained in confidence by the Department. The information gathered in these case files generally includes the statements of third party witnesses collected in confidence. Witnesses are told that the confidentiality of their statement will be protected and that they are for the confidential use of the Department. The Department believes that uncontrolled release of this information would cause needless intrusion into and violation of privacy rights.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the

conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

2.1   Action: this pending federal law suit entitled *Jose Pelayo, et al. v. City of Pomona, et al.* (2:17-cv-07292-PSG-SK).

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, including documents produced by the Department in response to Plaintiffs' Subpoena Duces Tecum, which include but are not limited to items numbered 1-68 of the Department's Privilege Log, a copy of which is attached hereto as Exhibit B ███████████████████████████████████████████ ██████████████████████████████████████.

2.4   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Here, the designated material includes documents produced by the Department in response to Plaintiffs' Subpoena Duces Tecum, which

include but are not limited to items numbered 1-68 of the Department's Privilege Log, a copy of which is attached hereto as Exhibit B. ███████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. All Parties and their Counsel agree that if a Party intends to file Protected Material with the Court, for any reason, that party and Counsel shall request permission from the Court to file the Protected Material under seal.  A Party that seeks to file under seal any Protected Material must comply with

Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.     <u>FINAL DISPOSITION</u>

Designating Party shall receive written notice from Plaintiffs' counsel within 30 days of the final disposition of this Action, as defined in paragraph 4. After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: 3/26/18                    **MKRTCHYAN LAW**


By: /s/ Narine Mkrtchyan
Narine Mkrtchyan, Esq.
Attorneys for Plaintiffs
Jose Pelayo, Jesus Pelayo,
and Victor Pelayo


Dated: 3/26/18                    **ALESHIRE & WYNDER, LLP**


By: /s/ Juliette Tran
Juliette Tran, Esq.
Attorneys for Defendants
Rialto Police Department


Dated: 3/26/18                    **HAIGHT BROWN & BONESTEEL LLP**


By: /s/ Kevin Osterberg
Kevin Osterberg, Esq.
Attorneys for Defendant,
Officer Austin Dossey

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:     4/3/2018

Honorable Steve Kim

United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on [date] in the case of <u>Jose Pelayo v. City of Pomona, et al.,</u>

<u>Case No.: CV 2:17-cv-07292-PSG-SK</u> . I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or type

full name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed:

Printed name:_____

Signature: _____

**PRIVILEGE LOG FOR DOCUMENTS RELATING TO PLAINTIFF'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO CUSTODIAN OF RECORDS OF RIALTO POLICE DEPARTMENT**

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|-----|----------|------------|---------------------|
| 1. | September 5, 2014 | Sergeant Mills | | Page 3 of Employee Performance Report for December 2013 to June 2014 | Names of nonparty officers of the Rialto Police Department | Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995); *Dearmand E. v. City of Antioch*, No. C 08-1709 SI, 2009 WL 1704686, at *2 (N.D. Cal. June 17, 2009) (Both federal and state courts have held that third party individuals have a privacy interest in not having their names and personal information disclosed.") |
| 2. | May 30, 2013 | Range Staff, Sergeant Nicholas Borchard | Training Dept. & Super Staff | 1 page memorandum listing officers who attended department Patrol Rifle Course | Names of nonparty officers of the Rialto Police Department | *See #1 above.* |

01180.0010/450613.2

Exhibit B

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|-----|----------|------------|---------------------|
| 3. | October 28, 2014 | | | Notice of Appointment/Termination – POST EDI | Officer Dossey's social security number and birthdate | *Duenez v. City of Manteca*, No. 2:11-CV-1820 LKK AC, 2013 WL 684654, at *6 (E.D. Cal. Feb. 22, 2013) (ordering the City to redact Officer Moody's address and other contact information, social security number, drivers license number, date of birth and any other personal identifiers (except for his name) in addition to any salary or tax information, as well as any information about Officer's family members, if it appears on the application.) |
| 4. | December 31, 2012 | | | Page 2 of Daily Observation Report in Field Training Manual | Names of nonparty officers of the Rialto Police Department | *See #1 above.* |
| 5. | January 1, 2013 | | | Page 2 of Daily Observation Report in Field Training Manual | Names of nonparty officers of the Rialto Police Department | *See #1 above.* |
| 6. | January 8, 2013 | | | Page 3 of Daily Observation Report in Field Training Manual | Names of nonparty officers of the Rialto Police Department | *See #1 above.* |
| 7. | August 8, 2012 | Chief of Police, William A. Farrar | Austin Dossey | Conditional offer letter of employment | Officer Dossey's home address and salary information | *See #3 above.* |

0180.0010/450613.2

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|-----|----------|------------|---------------------|
| 8. | November 7, 2012 | | | Rialto Police Department Applicant Summary | Officer Dossey's home address, phone number, date of birth, social security, driver's license<br><br>Name of nonparty officer of the Rialto Police Department<br><br>Family members' names and addresses.<br><br>Names of references and neighbors.<br><br>Addresses in neighborhood where Officer Dossey resides.<br><br>Officer Dossey's financial information.<br><br>Officer Dossey's criminal history as a minor and traffic violations. | *See #3 above.* |

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|-----|----------|------------|---------------------|
| 9. | 7/21/12 | | | Personal History Statement – Peace Officer | Officer Dossey's Home Address, Phone Number, Driver's License, <br><br> Date Of Birth, <br><br> Family member names and addresses <br><br> Phone numbers and addresses of references or neighbors <br><br> Section 3 Education History <br><br> Section 5 Experience Of Employment <br><br> Section 75.20 Regarding College Citations <br><br> Insurance Information & Officers Traffic Violation | *See #1&3 above.* |
| 10. | August 15, 2012 | DOJ | CACC Rialto | Peace Officer – Firearms Eligibility Approval Notification | Officer Dossey's Social security number, Date Of Birth | *See #3 above.* |

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|-----|----------|------------|---------------------|
| 11. | 8/7/12 | | | Request For Live Scan | Officer Dossey's Home Address, Social Security Number, Date Of Birth, Driver's License Number, Contact Information | *See #3 above.* |
| 12. | 8/3/16 | | | California Driver's License | Remove entire document | *See #3 above.* |
| 13. | 7/19/12 | | | DMV Customer Receipt Copy | Officer Dossey's Date Of Birth, Driver's License Number, and home address | *See #1&3 above.* |
| 14. | | | | 21st Century Insurance Material | Officer Dossey's Vin Number, Insurance Limits, Policy Number, Home Address | *See #1&3 above.* |
| 15. | | | | DMV Documents/Request For Drivers License/Identification Of Driver<br><br>Auto Registration/ Insurance Identification Card/ DMV Mail Envelope | Officer Dossey's Home Address, Phone Number, Social Security Number, Driver's License Number<br><br>Family member's names and address | *See #1&3 above.* |

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|---|
| 16. | 6/12/09 | | | Superior Court Of CA County Of San Bernardino (Rancho Cucamonga)<br><br>Minute Order/ Appearance Date Notice/<br><br>Notice To Appear Re Traffic Citation | Officer Dossey's Home Address, Phone Number, Social Security Number, Driver's License Number<br><br>San Bernardino County Superior Court case number. | *See #3 above.* |
| 17. | 10/17/12 | | | Response For Request For Records On Traffic Citations | Officer Dossey's Date Of Birth | *See #3 above.* |
| 18. | 4/2/09 | | | Notice to Appear – 4062 (citation) | Remove entire document | *See #3 above and irrelevant as it is 9 years old.* |
| 19. | 9/21/12 | | | Rialto Police Department Request For Records On Recruit To Ontario Police Department | Officer Dossey's Date Of Birth, Social Security Number, and Driver's License Number | *See #3 above.* |
| 20. | 9/21/12 | | | Rialto Police Department Request For Records On Recruit To Orange Beach Police Department | Officer Dossey's Date Of Birth, Social Security Number, and Driver's License Number | *See #3 above.* |
| 21. | | | | Rialto Police Department Request For Records On Recruit To Orange Beach Police Department | Officer Dossey's Date Of Birth, Social Security Number, and Driver's License Number | *See #3 above.* |

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|----|----------|------------|---------------------|
| 22. | 9/21/12 | | | Rialto Police Department Request For Records On Recruit To Pomona Police Department – Stamped | Officer Dossey's Date Of Birth, Social Security Number, and Driver's License Number | *See #3 above.* |
| 23. | 9/21/12 | | | Rialto Police Department Request For Records On Recruit To Pomona Police Department – Unstamped | Officer Dossey's Date Of Birth, Social Security Number, and Driver's License Number | *See #3 above.* |
| 24. | 9/21/12 | | | Rialto Police Department Request For Records On Recruit To Sheriff Police Department – Unstamped | Officer Dossey's Date Of Birth, Social Security Number, and Driver's License Number | *See #3 above.* |
| 25. | 9/21/12 | | | Rialto Police Department Request For Records On Recruit To Sheriff Police Department – Stamped | Officer Dossey's Date Of Birth, Social Security Number, and Driver's License Number | *See #3 above.* |
| 26. | 9/21/12 | | | Rialto Police Department Request For Records On Recruit To Upland Police Department (No Records Found) – Stamped | Officer Dossey's Date Of Birth, Social Security Number, and Driver's License Number | *See #3 above.* |
| 27. | 9/21/12 | | | Rialto Police Department Request For Records On Recruit To Upland Police Department (No Records Found) – Unstamped | Officer Dossey's Date Of Birth, Social Security Number, and Driver's License Number | *See #3 above.* |

Exhibit B

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|-----|----------|------------|---------------------|
| 28. | 7/18/12 | | | Officer Dossey's Credit Report | Remove entire document | *See #3 above.* |
| 29. | 7/18/12 | Austin Dossey | Parchment Customer Service | Receipt for requesting high school transcripts. | Officer Dossey's email address | *See #3 above.* |
| 30. | | | | Chaffey Joint High School Joint Transcript | Officer Dossey's Social Security Number, Date Of Birth, Home Address, Name Of Parents, state ID number | *See #3 above.* |
| 31. | | | | Columbia Southern University | Office Dossey's Date Of Birth and student number | *See #3 above.* |
| 32. | | | | Birth Certificate | Remove Entire Document | *See #3 above.* |

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|---|
| 33. | | | | Officer Dossey Social Security Card | Remove Entire Document | *See #3 above.* |
| 34. | | | | Certificate Of Release From Active Duty US Army | Officer Dossey's Date Of Birth, home address, Social Security Number, Name Of Relatives, Medical References | *See #3 above & HIPAA* |
| 35. | | | | Entrance Physical Standards Board Proceeding US Army | Remove Entire Document | *See #3 above & HIPAA* |
| 36. | 9/25/12 | | | Family Reference Sheet | Father's Name | *See #1&3 above.* |
| 37. | 9/25/12 | | | Family Reference Sheet | Mother's name | *See #1&3 above.* |

Exhibit B

0180.0010/450613 2

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|-----|----------|------------|---------------------|
| 38. | 10/13/12 | | | Family Reference Sheet | Sister's Name | *See #1&3 above.* |
| 39. | 10/13/12 | | | Family Reference Sheet | Sister's Name | *See #1&3 above.* |
| 40. | 5/18/12 | | | References & Acquaintances Reference Sheet | Friend's name and address. | *See #1 above.* |
| 41. | 9/15/12 | | | References & Acquaintances Reference Sheet | Friend's name | *See #1 above.* |
| 42. | 9/15/12 | | | References & Acquaintances Reference Sheet | Friend's name | *See #1 above.* |

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|-----|----------|------------|---------------------|
| 43. | 10/30/12 | | | References & Acquaintances Reference Sheet | Friend's name | *See #1 above.* |
| 44. | 9/11/12 | | | References & Acquaintances Reference Sheet | Friend's name | *See #1 above.* |
| 45. | 9/15/12 | | | References & Acquaintances Reference Sheet | Friend's Name | *See #1 above.* |
| 46. | 9/15/12 | | | References & Acquaintances Reference Sheet | Friend's Name | *See #1 above.* |
| 47. | 10/30/12 | | | References & Acquaintances Reference Sheet | Friend's Name | *See #1 above.* |

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|-----|----------|------------|---------------------|
| 48. | 10/13/12 | | | References & Acquaintances Reference Sheet | Friend's Name | *See #1* |
| 49. | 9/25/12 | | | Neighborhood Check | Neighbor's name and address | *See #1 above.* |
| 50. | 9/25/12 | | | Neighborhood Check | Neighbor's name and address | *See #1 above.* |
| 51. | 9/25/12 | | | Neighborhood Check | Neighbor's address | *See #1 above.* |
| 52. | 9/25/12 | | | Neighborhood Check | Neighbor's address | *See #1 above.* |

0180.0010/4506132

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|-----|----------|------------|---------------------|
| 53. | 9/25/12 | | | Neighborhood Check | Neighbor's address | *See #1 above.* |
| 54. | 10/26/12 | | | Medical Exam Results | Remove Entire Document | *See #3 above & HIPAA* |
| 55. | 8/3/12 | | | Internal Control – Polygraph & investigations | Officer Dossey's Social Security Number, Date Of Birth, Driving Records, US Army Discharge | *See #3 above & HIPAA* |
| 56. | | | | Personal History Statement | Officer Dossey's Address, Social Security Number, Driver License Number, Date Of Birth, Medical History, Traffic Citations | *See #3 above & HIPAA* |
| 57. | 12/05 | | | Information Memorandum | Officer Dossey's Date Of Birth, Name Of Siblings, Army Medical References | *See #3 above and HIPAA* |

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|-----|----------|------------|---------------------|
| 58. | 4/28/13 | | | Police Report #931303331 Offense – PC 148(A)(1) and PC 647 | (1) Names and addresses of witness, (2) phone number and addresses of suspect, (3) social security number, (4) driver's license, (5) names and date of birth of nonparty officers of the Rialto Police Department. 9 photographs of suspect and 1 photograph of scene – withholding from production. | Privacy. *Perrin v. Cty. of Riverside*, No. EDCV08595LLPSSX, 2010 WL 11556686, at *1 (C.D. Cal. July 22, 2010) (Federal courts have recognized that third party individuals have a privacy interest in not having their names and personal information disclosed.); *Garcia v. City of Garden Grove*, No. 816CV00154DOCKESX, 2017 WL 2416207, at *3 (C.D. Cal. Feb. 28, 2017) (recognizing that even under the broad standard of relevancy for pre-trial discovery, Plaintiff has not shown that the names and addresses of alleged victims and other officers are "relevant to [Plaintiff's] claim or defense."). |

Exhibit B

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|---|
| 59. | 6/1/13 | | | Police Report #931304306 Offense – PC 664/187(A) and PC 69 Andre Lamont Grayson | (1) Names, phone number, and address of witness, (2) phone number and addresses of suspects, (3) social security numbers, (4) driver's licenses, (5) names and date of birth of nonparty officers of the Rialto Police Department. 24 photos of officer, 13 photos of weapon, 32 of suspect, and 29 of scene – withholding from production. | *See #58 above.* |
| 60. | 8/16/13 | | | Police Report #931306387 Offense – PC 288(B)(1), PC 647.6(A), and PC 69 | (1) phone number and address of suspect, (2) social security number, (3) driver's license, (4) names of nonparty officers of the Rialto Police Department, (5) Officer Dossey's date of birth, and (6) minors' names and addresses have been omitted from the report. 6 photos of suspect; audio recording of interview with suspect; 2 surveillance videos – withholding from production. | *See #58 above.* |

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|---|
| 61. | 9/20/13 | | | Police Report #9313007385 Offenses – PC 148(A)(1) and PC 647(F) | (1) Names, phone numbers, and addresses of witness, (2) address of suspect, (3) driver's license of suspect and witness, (4) social security number of witnesses, (5) date of birth of witness, and (6) names of nonparty officers of the Rialto Police Department. 10 photos of suspect, 3 photos of witness, 1 photo of scene – witholding from production. | *See #58 above.* |
| 62. | 10/12/13 | | | Police Report #931307940 Offenses – PC 211 and PC 69 | (1) Names, phone numbers, and addresses of victims, (2) phone number and address of suspect, (3) date of birth of victims, (5) driver's license of suspect, and (6) names of nonparty officers of the Rialto Police Department. 28 photos of suspect, 6 photos of scene, axon video – witholding from production (involves minor). | *See #58 above.* |

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|----|----------|-----------|--------------------|
| 63. | 11/3/13 | | | Police Report #931308554<br><br>Offenses – PC 69 and PC 242/243 | Names of nonparty officers of the Rialto Police Department.<br><br>11 photos of suspect, 6 photos of scene, audio recording of suspect's request for lawyer – withholding from production. | *See #58 above.* |
| 64. | 11/16/13 | | | Police Report #931308869<br><br>Offenses – H&S 11378, H&S 11379(A), H&S 11359, PC 69, PC 243(B), and PC 148(A)(1) | (1) phone number and address of suspect, (2) driver's license of suspect, and (3) names of nonparty officers of the Rialto Police Department.<br><br>13 photos of officer, 12 photos of suspect, 28 photos of suspect's property/drugs; 2 axon body cam; 1 video of interview – withholding from production. | *See #58 above.* |

Exhibit B

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|----|----------|------------|---------------------|
| 65. | 4/9/14 | | | Police Report #931402596<br><br>Offense – PC 69 | (1) Names and addresses of minor suspect, (2) name, phone number, and address of witness, (3) date of birth of witness, (4) driver's license of witnesses, and (5) names of nonparty officers of the Rialto Police Department.<br><br>15 photos of suspect, 11 photos of scene, 7 photos of officer – withholding from production (involves minor). | *See #58 above.* |
| 66. | 6/8/14 | | | Police Report #931404248<br><br>Offenses – PC 69 and PC 3056 | (1) Names, phone numbers, and addresses of witness, (2) phone number, and address of suspect, (3) social security number of suspect, (4) driver's license of suspect and witnesses, (5) date of birth of witnesses, and (6) names of nonparty officers of the Rialto Police Department.<br><br>5 photos of officer, 28 photos of suspect, axon body video – withholding from production. | *See #58 above.* |

0180.0010/450613 2

| # | DATE | FROM | TO | DOCUMENT | REDACTIONS | BASIS FOR PRIVILEGE |
|---|------|------|----|----------|-----------|---------------------|
| 67. | 3/20/13 | | | Police Report #931302315<br><br>Offenses – PC 69, VC 23152(A), and PC 422 | (1) date of birth of officers of Rialto Police Department, (2) address of suspect, (3) social security number of suspect, (4) driver's license of suspect and witnesses, and (5) names of nonparty officers of the Rialto Police Department.<br><br>1 photo of officer, 19 photos of suspect, 23 photos of suspect, 2 photos of evidence tags, 3 videos of suspect – withholding from production. | *See #58 above.* |
| 68. | | | | Use of Force Summary | (1) Names, phone numbers, and addresses of witness, (2) name, phone number, and address of suspect, (3) names of minor suspects, (4) names of nonparty officers of the Rialto Police Department, and (5) Rialto Police Department officer employee numbers. | *See #58 above.* |